**FOR PLAINTIFF**
Christopher Nuneviller, Esq.
*cnuneviller@mnbmeridian.com*
MNB Meridian Law, Ltd.
1650 Market Street, Suite 3600
Philadelphia, Pennsylvania 19103
Main:  (215) 268-3003
Facsimile: (267) 392-2024

UNITED STATE DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA
WILKES BARRE DIVISION

| | |
|---|---|
| Khalid Hossain and Shannon Green, Individually and as Husband and Wife 5739 South Madison Place Tulsa, Oklahoma 74105 | Case No.: _____ |
| *Plaintiffs* | |
| vs. | |
| | Judge: _____ |
| Geisinger Commonwealth School of Medicine 525 Pine Street Scranton, Pennsylvania 18509 | |
| and | |
| Geisinger Health System 100 North Academy Avenue Danville, Pennsylvania 17822 | |
| | **COMPLAINT** |
| *Defendants* | |

**COMPLAINT**

**KHALID HOSSAIN** and **SHANNON GREEN** ("Plaintiffs"), individually and as husband and wife, by and through their undersigned counsel, MNB Meridian Law, Ltd. and Christopher Nuneviller, Esq., bring this COMPLAINT against Defendants Gesinger Health System

1

("Geisinger Health"), and the Geisinger Commonwealth School of Medicine ( the "School"), and allege as follows:

## I    NATURE OF THE COMPLAINT

1.    This lawsuit is about the Gesinger Commonwealth School of Medicine's decision to deny Plaintiff Khalid Hossain's medical degree mere days prior to graduation, *not because* he failed to meet the academic requirements for graduation (e.g., completing the required course work with passing grades); or, failed to complete the necessary clinical rotations, when, *in fact*, his clinical rotations were highly successful and well regarded; or, failing the United States Medical Licensing Examinations ("USMLE") (he passed both); *but because*, in effect, his academic advisors were frustrated because Mr. Hossain was not responsive "enough" to the Committee on Academic and Professional Standards ("CAPS") – despite completing and passing with exceptional success the onerous and additional professional development assignments imposed while on "professional probation."

2.    Mr. Hossain brings this lawsuit due to Defendants' breach of its Policy on Academic and Professional Standards insofar as the School breached a contract with Mr. Hossain by failing to follow its own (1) procedures set forth in Geisinger Commonwealth School of Medicine ("GCSOM") policies; (2) imposed sanctions imposed that were excessively harsh for the alleged violation, in of itself a violation of its own policies; and that, (3) the School failed to acknowledge and review new and relevant information, not available at the time of Mr. Hossain's May 8, 2025, CAPS dismissal hearing.

## II    PARTIES

3.       Plaintiff Khalid Hossain is a former Geisinger medical student and resident of the State of Oklahoma.

4.       Plaintiff Shannon Green is the wife of Khalid Hossain, and is a resident of the State of Oklahoma.

5.       Plaintiffs Khalid Hossain and Shannon Green are husband and wife, and reside in the State of Oklahoma.

6.       Gesinger College of Health Sciences is a trade name associated with the Geisinger Commonwealth School of Medicine, and is a private graduate education institution associated with and overseen by the Gesinger Health System, with its primary place of business located at 525 Pine Street, Scranton, Lackawanna County, in the Commonwealth of Pennsylvania.

7.       The Gesinger College of Health Sciences (the "College") is accredited by the Middle States Commission of Higher Education (*see* https://www.msche.org/institution/9199/, and *see* https://www.geisinger.edu /-/media/OneGeisinger/pdfs/ghs/Education-GCSOM/about/office-of-institutional-research-planning-and-effectiveness/institutional-accreditation/StatementofAccreditationStatus.pdf?sc_lang=en&hash=B4FECDFA79251F64364F39744A19E94D).  It is the College in which the Geisinger Commonwealth School of Medicine is a constituent graduate school of medical education.

8.       The Geisinger Commonwealth School of Medicine (the "School") is a nonprofit corporation and a graduate school of the Gesinger College of Health Sciences associated with the Gesinger Health System, with its primary place of business located at 525 Pine Street, Scranton, Lackawanna County, in the Commonwealth of Pennsylvania.

9. The Geisinger Commonwealth School of Medicine is accredited by the Middle States Commission of Higher Education (*see* https://www.msche.org/institution/9199/) and the Liaison Committee on Medical Education (*see* https://lcme.org/directory/accredited-u-s-programs/).

10. Geisinger Health System is a nonprofit corporation and the parent organization of Gesinger College of Health Sciences and the Geisinger Commonwealth School of Medicine responsible for supervision, operations, accreditation, and development of the educational standards of both educational institutions with its primary place of business located at 100 North Academy Drive, Danville, Montour County, in the Commonwealth of Pennsylvania.

### III    JURISDICTION AND VENUE

11. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because Defendants' primary places of business are in this district and a substantial part of the events or omissions giving rise to the claim occurred in this district.

12. Venue is proper in this district pursuant to 28 U.S.C. § 1332 because Plaintiffs are residents of the State of Oklahoma, Defendants are domiciled in the Commonwealth, and the amount in controversy exceeds $75,000.

13. This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367, as they arise from the same common nucleus of operative facts.

### IV    FACTUAL BACKGROUND

#### A.    *Education Chronology*

14. In July 2019, Plaintiff matriculated as a first-year medical student at the Geisinger Commonwealth School of Medicine. (*see* Exhibit "A")

15. At the time of his matriculation in July 2019, Plaintiff was provided with the School's Student Handbook and Academic Catalog, which set forth the policies, procedures, and academic requirements necessary for the conferral of a Doctor of Medicine degree. These documents constitute a binding contract between the Plaintiff and the University.

16. On or about April 4, 2019, the School published its "Student Policy on Satisfactory Academic Progress for the MD Degree," (Policy No.: 310.1010.102, Rev. 2019-04-02) (the "2019 Academic Policy") (see Exhibit "B"), which provides in part "the maximum time frame Permitted for completion of the MD degree is 7 years, and the maximum time frame permitted to receive federal financial aid is 6 years, including any approved leave of absence."

17. As of the date of his matriculation and the 2019 Academic Policy, Mr. Hossain must have completed his medical degree no later than June 1, 2026.

18. In August 2019, Mr. Hossain began his medical studies with Defendant(s).

19. Over the course of his first year of medical education from 2019 to 2020, the first year of his matriculation at the School, Mr. Hossain diligently completed all required coursework, passed every examination, and successfully fulfilled the requirements of every clinical rotation, was on track to graduate by 2026, and at the conclusion of which he had six years remaining to complete his medical degree.

20. In his second year of medical education and second year of matriculation from 2020 to 2021, Mr. Hossain diligently completed all required coursework, passed every examination, and successfully fulfilled the requirements of every clinical rotation, was on track to graduate by 2026, and at the conclusion of which he had five years remaining to complete his medical degree.

21.     From 2021 to 2022, in what would have been Mr. Hossain's third academic year and third year of matriculation, Mr. Hossain took a leave of medical absence and also studied for his USMLE Step 1 examination, at the conclusion of which he had four years remaining to complete his medical degree.

22.     From 2022 to 2023, in Mr. Hossain's third academic year and fourth year of matriculation, Mr. Hossain diligently completed all required coursework, passed every examination, and successfully fulfilled the requirements of every clinical rotation, was on track to graduate by 2026, and at the conclusion of which he had three years remaining to complete his medical degree.

23.     In June 2022, Plaintiff successfully passed the United States Medical Licensing Examination (USMLE) Step 1 examination, the first of two standardized examination required by the University for graduation.

24.     From 2023 to 2024, in what would have been Mr. Hossain's fourth academic year and fifth year of matriculation, Mr. Hossain took a leave of absence to attend the Medical University of South Carolina ("MUSC") to complete a master's in clinical research.  He did not complete the degree insofar as Defendant denied Mr. Hossain's request to complete a second year at MUSC.  He had two years remaining to complete his medical degree.

25.     In August 2024, Mr. Hossain returned to School and resumed the fourth and final year of his medical education.

26.     In his fourth year of medical education and sixth year of matriculation from 2024 to 2025, Mr. Hossain diligently completed all required coursework, passed every examination, and successfully fulfilled the requirements of every clinical rotation, and was eligible to graduate in May 2025.  Mr. Hossain still had one year remaining to complete his medical degree.

27.     On or about April 30, 2025, Plaintiff successfully passed the United States Medical Licensing Examination (USMLE) Step 2 CK (Clinical Knowledge) examination, the final standardized examination required by the University for graduation.

28.     Having completed all academic, clinical, and administrative requirements, Plaintiff was scheduled to be awarded his M.D. degree and participate in the commencement ceremony on May 10, 2025.  However, on May 8, 2025, CAPS dismissed Mr. Hossain from the School purportedly because Mr. Hossain's "failure to meet the following Technical Standards:  (a) communication skills, specifically a failure to effectively communicate information with faculty, support staff, and others; and, (b) Ethics and Professionalism, failure to promptly complete all responsibilities attendant to the curriculum and [the School's] policies and procedures." (*see* Exhibit "C")

B.     "*Professional Probation*"

29.     In June 2022, Mr. Hossain was referred to CAPS for "lack of adherence to policy:  failure to sit for the USMLE Step 1 exam by the GSCOM deadline." For which there were "no academic or professional sanctions are placed at this time" and which CAPS "accepted and approve your plan to take the USMLE Step I Examination no later than June 10, 2022."  Mr. Hossain passed the USMLE Step I examination in June 2022.

30.     In February 2023, Mr. Hossain was referred to CAPS for "integrity," due to a hearsay allegation of lying about his presence at a clinical rotation (3-hour) session and a later "cover up," the answer to which was a series of emails that Mr. Hossain produced that provided context and an explanation for his absence from the clinical rotation.  Nonetheless, he was placed on professional probation.

31.     In May 2024, Mr. Hossain was referred to CAPS for professionalism concerns due to a lack of communication with the School staff in discussing his return to the School from pursuing his master's degree at MUSC.  In fact, the School was sending their requests for information to his deactivated School email domain.  He was also referred to failing to sit for his USMLE Step 2 Examination (for which he was granted an extension).

32.     In August 2024, Mr. Hossain was referred to CAPS again for failing to adhere to the professional development plan, specifically the timely scheduling of "reflection" discussions, and failing to sit for the USMLE Step 2 exam (which he passed in April 2025).

33.     In November 2024, Mr. Hossain was referred to CAPS again for failing to adhere to the professional development plan and failing his first USMLE Step 2 exam attempt.

34.      In March 2025, Mr. Hossain completed his February 2023 professional development plan consisting of numerous professional development exercises, concluding "All components of your [professional development] plan have been submitted, and your reflections demonstrate that you have experienced growth in regard to your professional identity formation."

35.     On May 8, 2025, three days prior to graduation, and having completed all academic requirements graduation and all remedial professionalism assignments, CAPS recommended Mr. Hossain be dismissed from the School for "… continued failure to … effectively communicate information with faculty, support staff, and others [and] a failure to promptly complete all responsibilities attendant to the curriculum and GCSOM policies and procedures." CAPS supported their recommendation by Mr. Hossain's five previous referrals to CAPS.  (*see* Exhibit "D ")

36. On May 21, 2025, through counsel, Mr. Hossain submitted a full throated response to the CAPS dismissal recommendation and appeal to the School Dean, Dr. Julie Byerley. (see Exhibit "E")

37. On or about June 12, 2025, Mr. Hossain met with Dr. Byerley to support his appeal request. Dr. Byerley provided no response or feedback to Mr. Hossain's statements in that meeting.

38. On June 19, 2025, Dr. Byerley dismissed Mr. Hossain from the School, citing Mr. Hossain's comments in the June 12, 2022 meeting, and "… documentation from several sources including the documentation you submitted to support your appeal." (*see* Exhibit "F")

## COUNT I
## <u>BREACH OF CONTRACT</u>
*Khalid Hossain v. Defendants*

39. Plaintiffs incorporate by reference the preceding paragraphs as if set forth fully herein.

40. A valid contract existed between Plaintiff and the University, the terms of which are set forth in the University's academic catalog and student handbook.

41. The Contract between Plaintiff and Defendant is comprised of GCSOM's handbooks, bulletins, and written policies, and is a valid and enforceable contract between the parties.

42. Plaintiff fully performed all of his duties and obligations under the Contract, including completing all required coursework, passing all required examinations, and successfully completing his professional development plan.

43. The University breached the contract by refusing to award Plaintiff his M.D. degree after he fulfilled all of his obligations.

44. The University breached the Contract by, *inter alia*:

a.  Arbitrarily and incorrectly enforcing a "six-year" graduation rule that directly contradicts the written policy (the "seven-year" rule) that forms a binding term of the Contract;

b.  Basing its recommendation of dismissal on a deadline (April 19, 2025) that was established in violation of the Contract; and

c.  Refusing to confer Plaintiff's M.D. degree, which is the "benefit of the bargain" of the Contract, despite Plaintiff having met all valid and contractual requirements for graduation.

45. Plaintiff has suffered damages as a direct result of the University's breach

## COUNT II
## BREACH OF THE COVENANT OF
## GOOD FAITH AND FAIR DEALING

*Khalid Hossain v. Defendants*

46. Plaintiffs incorporate by reference the preceding paragraphs as if set forth fully herein.

47. Implied in the contract between the parties is a covenant of good faith and fair dealing, requiring each party to act fairly toward the other.

48. The College breached this covenant by acting arbitrarily and in bad faith to deprive the Plaintiff of the benefit of his contract, his Medical Doctor degree. The College's decision was not a good-faith exercise of its academic discretion.

## COUNT III
## DECLARATORY JUDGMENT

*Khalid Hossain v. Defendants*

49. Plaintiffs incorporate by reference the preceding paragraphs as if set forth fully herein.

50. An actual controversy exists between Plaintiff and Defendant regarding their respective rights and obligations under the Contract.

51. Plaintiff contends that under the Contract's 7-year rule, he has met all requirements for graduation and must be awarded his degree.

52. Defendant contends, in error, that Plaintiff is bound by a 6-year rule and can be dismissed for not meeting a deadline predicated on that erroneous rule.

53. Plaintiff seeks a declaratory judgment from this Court pursuant to the Declaratory Judgments Act, 42 Pa.C.S. § 7531, et seq., that:

    a. The "Policy on Academic Progress" (Policy 310.1010.102) and its seven-year maximum timeframe is the binding contractual term;

    b. Plaintiff has met all valid contractual requirements for graduation; and

    c. Defendant's recommendation for dismissal is void as a breach of contract.

## COUNT IV

## TORTIOUS INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE

*Khalid Hossain v. Defendants*

54. Plaintiffs incorporate by reference the preceding paragraphs as if set forth fully herein.

55. Plaintiff had probable future economic relationships that would have benefited him, specifically, his career as a physician.

56. The University knew of these prospective relationships and the high probability of their occurrence.

57. The University committed an intentional and unjustified act by wrongfully withholding Plaintiff's degree, which was designed to disrupt and destroy that relationship.

58. As a direct result of the University's interference, Plaintiff suffered actual harm, including the loss of his career.

## COUNT V

## LOSS OF CONSORTIUM

*Shannon Green v. Defendants*

59. Plaintiffs incorporate by reference the preceding paragraphs as if set forth fully herein.

60. Plaintiffs Khalid Hossain and Shannon Green were and are married in a religious ceremony in June 2014 and in a civil ceremony in September 2025.

61. At all times relevant to this action beginning on the date of their June 2014 marriage, Plaintiffs Khalid Hossain and Shannon Green were and are now married.

62. As a direct and proximate result of the Defendant's tortious conduct as alleged in this Complaint, Plaintiff Khalid Hossain suffered severe personal, emotional, and psychological injuries.

63. As a direct and proximate result of the injuries wrongfully inflicted upon her husband by the Defendant, Plaintiff Shannon Green has been and will continue to be deprived of the full measure of her husband's consortium, including his society, companionship, affection, solace, comfort, and support.

64. As a result of this loss, Shannon Green has suffered damages in an amount to be proven at trial.

## COUNT V

## NEGLIGENT INFLICTION OF EMOTION DISTRESS

*Khalid Hossain v. Defendants*

65. Plaintiffs incorporate by reference the preceding paragraphs as if set forth fully herein.

66. At all times relevant hereto, a special relationship existed between Plaintiff and Defendant, Geisinger Commonwealth School of Medicine ("GCSOM"), wherein Defendant held

a position of authority over Plaintiff's educational and professional future, creating a duty to act with reasonable care in the administration of academic policies and disciplinary proceedings.

67. Defendant owed Plaintiff a duty to adhere to its own published policies, specifically the "Policy on Academic Progress," which explicitly permits a maximum time frame of seven years for completion of the MD degree.

68. Defendant further owed Plaintiff a duty of care arising from its specific knowledge of Plaintiff's medical history. Defendant was aware, as early as 2021, that Plaintiff suffered from diagnosed conditions including Generalized Anxiety Disorder and Major Depressive Disorder2. Defendant acknowledged in prior proceedings that Plaintiff exhibited elevated "stress levels" and "anxiety levels."

69. Given Defendant's actual knowledge of Plaintiff's pre-existing mental health vulnerabilities, it was reasonably foreseeable that negligent mishandling of Plaintiff's academic status—particularly a dismissal recommendation days before graduation—would cause Plaintiff severe emotional distress.

70. Defendant breached its duty of care to Plaintiff by negligently and erroneously asserting that Plaintiff was required to graduate within six years, a standard that contradicts Defendant's own written policy permitting seven years.

71. Defendant further breached its duty by negligently failing to identify, review, or consider Plaintiff's active disability accommodations and the "totality of the records" prior to issuing a dismissal recommendation.

72. Defendant's negligence in failing to verify the correct graduation deadline (2026) before recommending dismissal in 2025 constituted a direct violation of the contractual and fiduciary-like duties owed to Plaintiff.

73. As a direct and proximate result of Defendant's negligence, Plaintiff suffered severe emotional distress, described as a "mental health crisis" and a "life-altering" event that aggravated his underlying conditions.

74. The emotional distress inflicted upon Plaintiff was severe and manifested in physical and psychological symptoms, including a moment of panic and acute aggravation of his Generalized Anxiety Disorder and Major Depressive Disorder, requiring Plaintiff to mitigate a crisis that was solely precipitated by Defendant's erroneous administrative actions.

75. The severe emotional distress suffered by Plaintiff was a direct result of Defendant's negligent breach of its duties, including the duty to refrain from imposing "excessively harsh" and "egregious" punishments based on factually incorrect premises.

**WHEREFORE** Plaintiffs Khalid Hossain and Shannon Green respectfully requests this Court

    a.    compel Defendants to immediately confer his Doctor of Medicine degree;
    b.    award compensatory damages in an amount to be proven at trial;
    c.    award punitive damages in an amount to be determined at trial;
    d.    award costs of this suit;
    e.    award reasonable attorney's fees; and,
    f.    award such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Fed.R.Civ.P 38, Plaintiffs demands trial by jury on all issues so triable.

Respectfully submitted:

**MNB MERIDIAN LAW, LTD.**

By: _____
Christopher Nuneviller, Esq.
*Attorney for Plaintiffs*
*Khalid Hossain and Shannon Green*